NOT FOR PUBLICATION                          (Docket Entry No. 29)

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

_____
                                   :
CARL B. SMITH,                     :
                                   :
            Plaintiff,             :     Civil No. 03-0932 (RBK)
                                   :
      v.                           :     **OPINION**
                                   :
UNITED STATES OF AMERICA,          :
                                   :
            Defendant.             :
_____   :


**KUGLER**, United States District Judge:

     This matter comes before the court on motion by Defendant

United States of America ("Defendant") to dismiss the claims of

pro se plaintiff Carl B. Smith ("Smith") for lack of jurisdiction

on the basis that an exception to the Federal Tort Claims Act

("FTCA") renders the government immune from suit in this matter.

For the reasons set forth below, Defendant's motion will be

granted.

**I.   Background[1]**

     On April 25, 2001, Smith, an inmate in the Federal

Correctional Institution (FCI) Fort Dix, New Jersey, was placed

in administrative segregation after a dispute with Corrections

---

     [1] The following allegations are taken from Plaintiff's
complaint and accepted as true for the purposes of evaluating the
motion to dismiss. See Carino v. Stefan, 376 F.3d 156, 159 (3d
Cir. 2004).

Officer Tayala Stevens ("Officer Stevens") regarding mail distribution. After Smith was removed to the Special Housing Unit ("SHU"), Officer Stevens emptied Smith's belongings from the locker in his housing unit and packed them in duffel and trash bags. Smith claims that his belongings were not inventoried as required by BOP policy, and that Officer Stevens destroyed some of his property while packing it. Smith also alleges that another officer took the property he brought with him to SHU, including an address book, sweat suit, watch, and eyeglasses, refusing Smith's request for an inventory.

Smith was released from SHU on May 3, 2001, and his property was returned to him in two duffel bags with labels containing his name. Upon inspecting the content of the bags, Smith discovered that some of his possessions were missing. The bags also contained property belonging to a number of different inmates. Smith's roommates informed him that Officer Stevens had filled three duffel bags from the locker, but records in a property logbook stated that only two bags were received.

Lieutenant Diggins permitted Smith to search the storage room for the rest of his property. Smith found one of his photo albums on top of an unmarked duffel bag, but further attempts to locate the missing property failed. Several days later, Smith encountered another of his photo albums in a file cabinet drawer when he went to his living unit's officer's station to request a

recreation pass. The photographs themselves were missing from the

album.

Smith filed an administrative tort claim with the Bureau of

Prisons ("BOP") in June 2001, which was denied on December 10,

2001. In response to Smith's request for reconsideration, the BOP

offered him $60.00 to settle the claim, without admission of

government liability. Smith declined the offer, and filed the

present suit for the loss of personal property under the FTCA, 28

U.S.C. § 1346(b), 2671 et seq., on March 4, 2003, against the

United States, the Attorney General of the United States, and

Officer Stevens. Officer Stevens was subsequently dismissed from

the suit in April 2003.

## II.  Discussion

Courts lack authority to exert jurisdiction over the United

States unless Congress "expressly and unequivocally" waives

sovereign immunity through a statute. United States v. Bein, 214

F.3d 408, 412 (3d Cir. 2000) (citing United States v. Mitchell,

463 U.S. 206, 212 (1983)). The FTCA is such a statute, permitting

litigation against the United States "for injury or loss of

property . . . caused by the negligent or wrongful act or

omission of any employee of the Government while acting within

the scope of his office or employment." 28 U.S.C. § 1346(b).

Circumscribing the scope of the FTCA are thirteen exceptions set

forth by Congress in § 2680, preserving sovereign immunity over

several categories of claims.

Defendant now moves to dismiss on the grounds that this suit falls into the "detention of goods" exception to the FTCA, provided in § 2680(c). Under § 2680(c), the United States retains immunity for:

> [a]ny claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer.[2]

---

[2] 28 U.S.C. § 2680(c) reads in its entirety: The provisions of this chapter and section 1346(b) of this title shall not apply to--
(c) Any claim arising in respect of the assessment or collection of any tax or customs duty, or the detention of any goods, merchandise, or other property by any officer of customs or excise or any other law enforcement officer, except that the provisions of this chapter and section 1346(b) of this title apply to any claim based on injury or loss of goods, merchandise, or other property, while in the possession of any officer of customs or excise or any other law enforcement officer, if--
(1) the property was seized for the purpose of forfeiture under any provision of Federal law providing for the forfeiture of property other than as a sentence imposed upon conviction of a criminal offense;
(2) the interest of the claimant was not forfeited;
(3) the interest of the claimant was not remitted or mitigated (if the property was subject to forfeiture); and
(4) the claimant was not convicted of a crime for which the interest of the claimant in the property was subject to forfeiture under a Federal criminal forfeiture law.

(continued...)

28 U.S.C. § 2680(c).

There is no dispute that the removal and storage of Smith's property was a "detention" of goods. However, Smith argues that "any other law enforcement officer" excludes BOP officials and therefore does not confer immunity in this case.

## A.  Circuit Split

The Circuits have been split over the meaning of "any other law enforcement officer" since the Sixth Circuit's 1994 decision in Kurinsky v. U.S., 33 F.3d 594 (6th Cir. 1994), limiting § 2680(c) "to the detention of goods by law enforcement officers acting in a tax or customs capacity." Id. at 596-97 (FBI agents not included in § 2680(c)). This narrow reading of § 2680(c) has since been adopted by the Seventh and District of Columbia Circuits in Ortloff v. United States, 335 F.3d 652 (7th Cir. 2003) (BOP officers not included), and Bazuaye v. United States, 83 F.3d 482 (D.C. Cir. 1996) (postal inspectors not included), respectively.

Prior to Kurinsky, it was generally assumed that "any other law enforcement officer" should be understood literally, to encompass virtually any official exercising a duty of legal enforcement. This view is embraced by a majority of Circuits,

_____

²(...continued)
28 U.S.C. § 2680(c).

including the Ninth[3], Fifth[4], Federal[5], Tenth[6] Eighth[7], and
Eleventh Circuits[8].

The Third Circuit has yet to decide whether § 2680(c)
applies to officials acting outside a tax or customs capacity.
However, when faced with the issue in U.S. v. Chambers, 92 F.
Supp. 2d 396, 402 (D.N.J. 2000), the District of New Jersey sided
with the majority to include Drug Enforcement Administration
agents as "any other law enforcement officer" under § 2680(c) and
dismiss the suit in favor of the government.

To the extent the Third Circuit has discussed § 2680(c), it
has indicated that it would likely ally with the majority's
expansive application. In U.S. v. Bein, 214 F.3d 408, 416 (3d
Cir. 2000), for example, the court noted in dicta that the
plaintiff's action against Federal Bureau of Investigation

---

[3] Bramwell v. U.S. Bureau of Prisons, 348 F.3d 804, 807
(9th Cir. 2003) (including BOP officers in § 2680(c) exception).

[4] Chapa v. United States Dept. of Justice, 339 F.3d
388, 390 (5th Cir. 2003) (same).

[5] Ysasi v. Rivkind, 856 F.2d 1520, 1524 (Fed. Cir.
1988) (including INS agents in § 2680(c)).

[6] Hatten v. White, 275 F.3d 1208, 1210 (10th Cir. 2002)
(including BOP officers in § 2680(c)).

[7] Cheney v. United States, 972 F.2d 247, 248 (8th Cir.
1992) (including drug task force agents in § 2680(c)).

[8] Schlaebitz v. United States Dep't of Justice, 924
F.2d 193, 195 (11th Cir. 1991) (including U.S. Marshals in §
2680(c)).

officers and local police officers deputized as United States Marshals "might have been barred" by § 2680(c), had Plaintiffs brought their suit under the FTCA. Similarly, in Schrob v. Catterson, 948 F.2d 1402, 1420 n.16 (3d Cir. 1991) the court cited § 2680(c) to "note that the Federal Tort Claims Act specifically exempts the United States government from liability for the detention of property by its employees," implying that § 2680(c) applies to all government officials.

### B. Analysis

Courts must begin the task of statutory construction with the presumption that "Congress expresses its intent through the ordinary meaning of its language," requiring courts to defer to the plain language of the statute whenever possible. Idahoan Fresh v. Advantage Produce, Inc., 157 F.3d 197, 202 (3d Cir. 1998). It is well-accepted that "only the most extraordinary showing of contrary intention from [the legislative history] would justify a limitation on the 'plain meaning' of the statutory language." United States v. Johnson, 855 F.2d 299, 305 (6th Cir. 1988) (quoting Garcia v. United States, 469 U.S. 70, 75 (1984)). Consequently, "[w]here the statutory language is plain and unambiguous, further inquiry is not required, except in the extraordinary case where a literal reading of the language produces an absurd result." Idahoan Fresh, 157 F.3d at 202.

In a case very similar to the one presently before the

court, <u>Bramwell v. United States Bureau of Prisons</u>, 348 F.3d 804, 807 (9th Cir. 2003), the Ninth Circuit determined that the § 2680(c) exception deprived the court of jurisdiction over the United States for damage caused by BOP officers. <u>Id.</u>; <u>See</u> <u>also</u> <u>Chapa v. United States Dept. of Justice</u>, 339 F.3d 388, 390 (5th Cir. 2003) (holding, in a somewhat different context, that "any other law enforcement officer" in § 2680(c) includes BOP officials). As in this case, <u>Bramwell</u> involved a federal inmate who lost property while placed in administrative segregation. Unbeknowest to the plaintiff, the BOP officers sent his coat to the prison laundry without realizing that the coat contained a pair of prescription eyeglasses. The glasses were broken and the BOP refused to refund their full cost. The Ninth Circuit dismissed, finding that "any other law enforcement officer" includes all officers engaged in an official activity related to law enforcement, including BOP officers.

To interpret § 2680(c), the Fifth and Ninth Circuits in <u>Bramwell</u> and <u>Chapa</u> relied in part on the definition of "investigative or law enforcement officer," provided in neighboring subsection § 2680(h), another exception to the FTCA. Section 2680(h) provides: "For the purpose of this subsection, 'investigative or law enforcement officer' means any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal

8

law."[9] 28 U.S.C. § 2680(h). The doctrine of in pari materia instructs courts to similarly construe the same words in different sections of the same statute, suggesting that "any other law enforcement officer" in § 2680(c) should be given the same meaning as "investigative or law enforcement officer" in § 2680(h). Bramwell, 348 F.3d 804, 807 (citing United States West Comm. v. Hamilton, 224 F.3d 1049, 1053 (9th Cir. 2000) and Erlenbaugh v. United States, 409 U.S. 239, 244 (1972)). Because the Supreme Court has explicitly included BOP officers in the definition of "investigative or law enforcement officer" in § 2680(h), Carlson v. Green, 446 U.S. 14, 20 (1980), it is likely that BOP officers are also included in § 2680(c).

Further buttressing this interpretation of § 2680(c) is the fact that "BOP officers are considered 'law enforcement officers' under several other statutes" outside the context of the FTCA. Bramwell, 348 F.3d at 807. These include "5 U.S.C. §§ 5541(3), 8331(20) and 8401(17)(D)(i) (civil service benefits eligibility); 42 U.S.C. § 3796b(6) (public safety officers' death benefits); and 18 U.S.C. § 3592(c)(14)(D) and 21 U.S.C. § 848(e)(2) (authorizing the federal death penalty for killing a 'law

---

[9] 28 U.S.C.A. § 2680(h) provides an exception to the FTCA for:

> Any claim arising out of assault, battery, false imprisonment, false arrest, malicious prosecution, abuse of process, libel, slander, misrepresentation, deceit, or interference with contract rights.

enforcement officer')." Id.

The majority's interpretation is also consistent with the Supreme Court's liberal application of the § 2680(c) exception. Although declining to discuss the meaning of "any other law enforcement officer," the Court endorsed an expansive reading of § 2680(c) in another context. Kosak v. United States, 465 U.S. 848, 854 (1984) (broadly interpreting the meaning of "'arising out of' the detention of goods" to apply to storage and negligent handling of property in § 2680(c)); Ysasi v. Rivkind, 856 F.2d 1520, 1524 (Fed. Cir. 1988) (holding that the Supreme Court's inclusive application of the § 2680(c) "detention of goods clause" should extend to "any other law enforcement officers").

In restricting § 2680(c) to officials acting under the customs or tax laws, the Circuit minority relies on the legislative history and the doctrines of ejusdem generis and noscitur a sociis. Kurinsky, 33 F.3d at 596-97; Bazuaye, 83 F.3d at 484. However, these analyses fail to overcome the weight accorded the statute's plain language. See Idahoan Fresh, 157 F.3d at 202. As the courts themselves acknowledge, the legislative history is scant at best, Kurinsky, 33 F.3d at 597-98, and the plain meaning of "any other law enforcement officers" clearly contemplates officials such as prison officers. Neither Plaintiff, nor the courts in the minority, offer any compelling reason why the statute should not be understood as the ordinary

meaning of its words suggests: that it exempts from the FTCA any law enforcement officer detaining goods in the exercise of official duties.

Accordingly, because this Court now finds that the stronger arguments favor the literal interpretation of "any other law enforcement officer," this suit will be dismissed for lack of jurisdiction.

The accompanying Order shall enter today.


Dated:    January 30, 2006         s/Robert B. Kugler
                                  ROBERT B. KUGLER
                                  United States District Judge